Lynn C. STEPHENSON, Plaintiff and Appellant,

v.

John E. WARNER and Steve F. Greenwood, Defendants and Respondents.

No. 15333.

Supreme Court of Utah.

June 19, 1978.

4. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).

Milton T. Harmon, Nephi, for plaintiff and appellant.

Leonard H. Russon of Hanson, Russon, Hanson & Dunn, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Lynn C. Stephenson, a service station attendant, sued both his employer John Warner and the lessor, Steve Greenwood, for burns he suffered at the station. Upon a trial to a jury the court granted the landlord Greenwood's motion for a directed verdict, but submitted the case as to the employer Warner, against whom the jury returned a verdict in favor of the plaintiff. The plaintiff appeals, seeking reversal of the directed verdict and a trial on the issue as to the liability of defendant Greenwood.

Defendant Warner was the operator of the Conoco service station on Main Street in Nephi, which he leased from defendant Greenwood. On May 6, 1972, while plaintiff was using gasoline to clean some grease spots on the floor of the station, an explosion occurred followed by a fire. As a result the plaintiff suffered severe burns over much of his body.

The evidence is that it could not be determined just what caused the explosion and fire. However, three possibilities are referred to: (1) from someone lighting or discarding a cigarette, (2) from sparks from an air compressor, or (3) from the pilot light or flame of a gas water heater. The heater was part of a car wash operation owned by the station operator defendant Warner. He had purchased it and other equipment from the prior lessee, one Joe Allen, in 1972. Originally, it was separated from the rest of the service station by a wall which was later removed. Defendant Greenwood had had nothing to do with the removal of the wall, except that he had given consent to Mr. Warner to remove it, which the latter did with the assistance of plaintiff Mr. Stephenson.

Plaintiff's attempt to impose liability upon the landlord Greenwood is based upon the hypothesis that it was the water heater that caused the fire and that it constituted a dangerous condition for which the landlord should be held responsible. It is not to be doubted that a landlord is bound by the usual standard of exercising ordinary prudence and care to see that premises he leases are reasonably safe and suitable for intended uses, nor that under appropriate circumstances he may be held liable for injuries caused by any defects or dangerous conditions which he created, or of which he was aware, and which he should reasonably foresee would expose others to an unreasonable risk of harm.[1] However, a landlord is not deemed to be the principal of his tenant merely because of the landlord-tenant relationship; and he is not responsible for the tenant's torts, nor for the tenant's failure to keep the premises reasonably safe and in good repair.[2] On the contrary, in conformity with the judgment which was entered in this case, it is the tenant who is liable for any dangerous condition on the premises which he creates or

---

1. 49 Am.Jur.2d, Landlord and Tenant, Sec. 782; Restatement, Torts, Sec. 282.

2. See *Blair v. Berlo Vending Corp.*, Delaware, 287 A.2d 696, cited in 49 Am.Jur.2d, Landlord & Tenant, Sec. 786.

permits to come into existence after he has taken possession.[3]

Applying the foregoing rules to the fact situation here, the trial court was justified in granting the directed verdict against the plaintiff and in favor of the defendant landlord Greenwood because there is no reasonable basis in the evidence to support the plaintiff's claims: either that it was the water heater that actually caused the fire; (His own witness conceded that the cause could not be established with any degree of certainty.); or that the gas water heater necessarily constituted a dangerous condition; or more importantly, that the defendant landlord, Mr. Greenwood, was responsible for any such condition.

Judgment affirmed. Costs to defendant Greenwood.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**3.** Restatement of Torts, Sec. 355.