**Walter WAGONER, Plaintiff
and Appellant,**

v.

**WATERSLIDE INCORPORATED, dba
Burch Creek Waterslide, Defendant
and Respondent,**

v.

**GREAT BASIN ENGINEERING,
Third–Party Defendant.**

**No. 860092–CA.**

Court of Appeals of Utah.

Oct. 26, 1987.

James R. Hasenyager, Marquardt, Hasenyager & Custen, Ogden, for plaintiff and appellant.

Roger H. Bullock, Strong & Hanni, Salt Lake City, for defendant and respondent.

Before GREENWOOD, BILLINGS and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff, Walter Wagoner, appeals from a jury verdict that defendant, Waterslide Inc., was not negligent in its operation of a waterslide and from the trial court's denial of his motion for a new trial. Plaintiff seeks reversal of the verdict and remand for a new trial.

Plaintiff was injured riding down a waterslide owned and operated by defendant. While riding the waterslide plaintiff rounded a curve with his foot hanging over the side, and cut the tendon in his right large toe on the unfinished outside edge of the fiberglass slide. Plaintiff sued for damages incurred, alleging defendant was negligent in its operation of the waterslide.

The trial judge prepared his own special verdict jury instructions which stated as follows in Interrogatory No. 1: "Do you find it proven by a preponderance of the evidence that the defendant was negligent in the manner in which he used the slides with the edge as it was and did he expose the plaintiff to an unreasonable risk of injury?" The jury answered this interrogatory in the negative and judgment was entered for defendant. Plaintiff claims the judge erroneously failed to specifically instruct the jury (1) on the legal definition of unreasonable risk, and (2) that a possessor of land has a duty to warn business invi-

tees about conditions on land which involve an unreasonable risk of harm.

## I

The initial issue is whether or not the condition of the waterslide presented an unreasonable risk of harm to defendant's patrons. Whether an unreasonable risk of harm existed is a determination of fact to be made by the jury. "The standard upon which negligence is gauged is that of ordinary, reasonable care under the circumstances, which standard it is peculiarly fitting that juries determine." *De Weese v. J.C. Penney Co.*, 5 Utah 2d 116, 119, 297 P.2d 898, 901 (1956). In this case, the jury found that no unreasonable risk of harm existed.

■ Plaintiff contends that the trial court erred in failing to instruct the jury that reasonableness of risk should be determined by a social utility standard as set forth in Restatement (Second) of Torts § 291. We disagree. The standards in deciding if a risk is unreasonable are found in the life of the community. Unreasonable risks are those which society, in general, considers sufficiently great to demand preventive measure. Prosser and Keeton on Torts, § 31 at 170 (5th ed. 1984). Restatement (Second) of Torts §§ 291 and 292 merely emphasize some factors as important in determining whether a risk is unreasonable.[1]

■ In this case, the special interrogatory on the question of unreasonable risk to which plaintiff objects was accompanied by sufficient explanation so as not to confuse or mislead the jury. The jury was told that an unreasonable risk was one of such magnitude that an ordinary, prudent person exercising reasonable care would

know the exposure was unacceptable. The jury was asked to:

consider the nature of the activity on defendant's premises and determine whether or not leaving the edge as it was left exposed the business patrons to an unreasonable risk of injury, or whether leaving the edge as it was was reasonable and, therefore, not negligent.... [I]t would be unreasonable to expose the customers to a risk of such magnitude that an ordinary, prudent person exercising reasonable care would know the exposure was unacceptable.

Taken as a whole, the instruction fully advised the jury on all factors required to be considered and the appropriate standard for determining whether or not there was an "unreasonable risk." Therefore, the instruction was proper.

## II

Plaintiff further urges that the trial court erred by refusing to instruct the jury that a possessor of land has a duty to warn business patrons of hazardous conditions on the property. The Utah Supreme Court has stated that an owner of a business has a duty to use reasonable care to maintain his establishment in a reasonably safe condition for his patrons. *Preston v. Lamb*, 20 Utah 2d 260, 436 P.2d 1021, 1023 (1968).

Similarly, the Restatement (Second) of Torts § 343 (1965), states:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an *unreasonable risk of harm* to such invitees, and

---

1. Restatement (Second) of Torts § 291 (1965): "Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done."

   Restatement (Second) of Torts § 292 (1965): "In determining what the law regards as the utility of the actor's conduct for the purpose of

determining whether the actor is negligent, the following factors are important: (a) the social value which the law attaches to the interest which is to be advanced or protected by the conduct; (b) the extent of the chance that this interest will be advanced or protected by the particular course of conduct; (c) the extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct."

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger. (Emphasis added.)

Reasonable care to protect, as defined in comment d, is "either to make [the condition] reasonably safe by repair or to give warning of the actual condition and the risk involved therein." *Id.*

However, the duty to warn or repair arises only after there is found to be a condition which presents an unreasonable risk of harm. *Erickson v. Walgreen Drug Co.*, 120 Utah 31, 232 P.2d 210, 214 (1951). In this case, if the jury had found defendant negligent in allowing an unreasonably dangerous situation to exist, the failure to instruct on the duty to warn as set forth in the cited authorities and Jury Instructions For Utah No. 43.10 might constitute reversible error. However, since the jury found no unreasonably dangerous condition, there was no duty to warn and failure to include the instruction was at best harmless error.

Affirmed.

ORME and BILLINGS, JJ., concur.