Donald H. **GREGORY**,
Plaintiff and Appellant,

v.

**FOURTHWEST INVESTMENTS, LTD.**
**dba Ellis R. Ivory, a general**
**partnership, Defendant and Respondent.**

No. 870155–CA.

Court of Appeals of Utah.

May 10, 1988.

Byron L. Stubbs, Salt Lake City, for plaintiff-appellant.

Dennis C. Ferguson (argued), Snow, Christensen & Martineau, Salt Lake City, for defendant-respondent.

Before BILLINGS, DAVIDSON and GARFF, JJ.

## OPINION

GARFF, Judge:

Plaintiff, Donald H. Gregory, seeks reversal of a directed verdict granted on the ground that plaintiff had failed to establish a prima facie case of liability against defendant Fourthwest Investments, Ltd.

On February 25, 1983, defendant, owner of warehouse space, entered into a lease agreement with Jack Bowman and Doug Campbell, who were in the business of selling packing cartons to the general public.

On the day of the accident, Campbell invited plaintiff to the leased premises to purchase packing cartons stored at the warehouse. Because another Fourthwest tenant blocked access to the warehouse, Campbell and plaintiff parked their cars underneath an awning-like projection attached to an open storage shed located opposite the leased warehouse. The awning and shed collapsed, injuring plaintiff and damaging his car. The collapsed shed was not part of the warehouse space leased by defendant to Campbell. Although other Fourthwest tenants used the area under the storage shed awning to park their cars, there was no agreement between defendant and its tenants that this area would be used as a common parking area.

The record shows that it snowed the night before the shed collapsed and was snowing or raining periodically on the morning of the incident. However, at the time of the collapse, the accumulated snow and ice had begun melting. An expert witness testified that the apportioned weight of the snow on the storage shed prior to the collapse was between 10.4 and 13.3 pounds per square foot.

At the conclusion of plaintiff's evidence, the trial court granted defendant's motion for a directed verdict. On appeal from a grant of a directed verdict, this Court must examine all the evidence on the record in the light most favorable to the losing party. *Mel Hardman Prod., Inc. v. Robinson*, 604 P.2d 913, 917 (Utah 1979); *Gagon v. State Farm Mut. Auto. Ins. Co.*, 746 P.2d 1194, 1196 (Utah Ct.App.1987). The Court should not affirm the directed verdict if such evidence could lead reasonable persons to reach opposing conclusions on the issue. *Gagon*, 746 P.2d at 1196.

The issues raised on appeal concern the appropriateness of the directed verdict. We must determine whether, viewing the facts in the light most favorable to the losing party, reasonable persons could have: (1) found that defendant's negligence caused the building to collapse; and (2)

determined whether defendant had a duty of care toward plaintiff, which it breached.

The essential elements a party asserting negligence must prove are: "(1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff." *Williams v. Melby,* 699 P.2d 723, 726 (Utah 1985).

I

### LANDLORD'S DUTY OF CARE

To impose a common law duty on a property owner for one who has been injured on his property, the injured person would have to be classified as an invitee, a licensee or a trespasser. *Tjas v. Proctor,* 591 P.2d 438, 441 (Utah 1979); *see* Restatement (Second) of Torts §§ 329–343 (1965). However, the landlord's common law duty has been expanded in almost every jurisdiction, including Utah. *Williams,* 699 P.2d at 726. The Utah Supreme Court no longer limits a landlord's liability by the artificial common law categories, but now imposes upon landlords "a duty to exercise reasonable care toward their tenants in all circumstances." *Id.*

 Utah case law requires:

that a landlord is bound by the usual standard of exercising ordinary prudence and care to see that premises he leases are reasonably safe and suitable for intended uses, [and] that under appropriate circumstances he may be held liable for injuries caused by any defects or dangerous conditions which he created, or of which he was aware, and which he should reasonably foresee would expose others to an unreasonable risk of harm.

*Stephenson v. Warner,* 581 P.2d 567, 568 (Utah 1978). However, a landlord is not an insurer of the safety of his tenants, and merely because an injury results from a defect does not automatically create liability. *Williams,* 699 P.2d at 727. "[T]he mere accumulation of snow or ice does not

ipso facto make the landlord liable....". *Schofield v. Kinzell,* 29 Utah 2d 427, 511 P.2d 149, 151 (1973). The plaintiff must demonstrate that defendant knew, or in the exercise of ordinary care should have known, that a dangerous condition existed and that sufficient time had elapsed to take corrective action. *Martin v. Safeway Stores, Inc.,* 565 P.2d 1139, 1140–41 (Utah 1977).

 Plaintiff contends that defendant's duty of reasonable care included the duty to inspect, and, thus, to discover the substantial risks and hazards the accumulation of snow and ice created for its tenants. However, where failure to repair rather than affirmative negligence is claimed, plaintiff must establish that the condition complained of has existed for a long enough time that the landlord had actual or constructive notice of the condition. *Id.* Several witnesses, including other Fourthwest tenants and their employees, testified that they had no notice of any defects or potentially hazardous conditions and, thus, did not report any such concerns to defendant. In fact, on the day of the collapse, a Fourthwest tenant investigated the storage shed in question due to unusual noises emanating from it and discovered no defective conditions prompting him to notify defendant.

 Further, plaintiff did not present evidence establishing whether defendant did or did not routinely inspect his buildings, or whether such inspection would have put defendant on notice that a dangerous condition existed. Even if we assume that defendant had a duty to inspect, that duty would not require discovery of a latent defect.[1] Although the expert witness testified to the approximate weight of the snow at the time of the collapse, there was no evidence as to improper design of the shed, whether the shed was damaged or weakened structurally, or how, in the exercise of reasonable care, defendant could have prevented the collapse. Although the expert also established a weather pattern over a six week period of time prior to the inci-

---

1. A latent defect is defined as " '[a] defect which reasonably careful inspection will not reveal.' " *Vincent v. Salt Lake County,* 583 P.2d 105, 107 (Utah 1978) (quoting Black's Law Dictionary (4th Ed.1968)).

dent, there was no evidence as to the length of time that snow and ice had actually been on the roof. The mere fact that the building collapsed with a snow accumulation weighing approximately 10 to 13 pounds per square foot is not sufficient evidence to establish that defendant breached its duty of reasonable care toward plaintiff.

## II

### CAUSATION AND DAMAGES

■ The record is replete with evidence of plaintiff's damages. However, the only evidence as to causation is that there was snow on the roof of defendant's building and the weight of that snow. Plaintiff did not connect these facts to any evidence establishing what weight this building was designed to hold. Plaintiff would have us believe that a jury could reasonably infer from the evidence that the cause of the collapse was the weight of the snow. Absent substantial evidence [2] of any proof of negligence or cause, "an inference of both amounts to nothing more than impermissible speculation and conjecture." *Wasson v. Brewer's Food Mart, Inc.,* 7 Kan.App.2d 352, 640 P.2d 352, 357 (1982). Plaintiff would have us infer that causation, duty, and breach of duty flow solely from two facts: snow on the roof and collapse of the shed.

We conclude the evidence presented at trial was insufficient to persuade a reasonable person that defendant violated *any* duty owed plaintiff or that the collapse of the building was due to defendant's negligence. We, therefore, affirm the trial court's directed verdict. Costs to defendant.

BILLINGS, and DAVIDSON, JJ., concur.

---

**2.** Substantial evidence is "evidence … which furnishes a substantial basis of fact from which the issues tendered can reasonably be resolved." *Wasson v. Brewer's Food Mart, Inc.,* 7 Kan.App. 2d 259, 640 P.2d 352, 356–57 (1982) (quoting *Delight Wholesale Co. v. City of Prairie Village,* 208 Kan. 246, 491 P.2d 910, 912 (1971).