Daniel ENGLISH, as Personal Representative of the Estate of Robert English, Plaintiff and Appellant,

v.

Albert KIENKE, Defendant and Respondent.

No. 880236–CA.

Court of Appeals of Utah.

May 10, 1989.

Rehearing Denied June 2, 1989.

Fred R. Silvester, Charles P. Sampson, and Claudia Berry, Salt Lake City, for plaintiff and appellant.

Aaron Alma Nelson and Allan L. Larson, Salt Lake City, for defendant and respondent.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Plaintiff appeals entry of summary judgment for defendant in a wrongful death action. We affirm, finding no error in the trial court's determination that plaintiff's decedent was liable as a matter of law for the dangerous condition which he created and which resulted in his death.

On January 4, 1986, 28–year–old graduate student Robert English was killed in a tragic accident while rebuilding the front porch of his leased house at 1031 Windsor Street, Salt Lake City. Temporary supports placed under the roof of the porch by the decedent gave way, causing the roof to fall onto him.

Plaintiff Daniel English, personal representative of decedent's estate, filed a negligence action against the property owner, defendant Albert Kienke. The record shows that defendant, by oral agreement, permitted the decedent to live in the house rent-free in exchange for decedent's labor in making repairs to the house. Although defendant had told decedent the front porch needed repair, decedent planned and executed the work himself, and defendant supplied or paid for the materials.

Plaintiff filed two motions for partial summary judgment on the issue of whether an employee-employer relationship existed between the parties, and defendant filed a motion for summary judgment. In a memorandum decision, the district court found that the decedent had created the dangerous condition which killed him, and that he was an "independent contractor" under workers' compensation law. The trial court entered summary judgment for defendant and denied plaintiff's motions.

Plaintiff claims on appeal that entry of summary judgment for defendant is in error, contending that there are unresolved factual issues involving the reasonableness of the risk of harm and whether the dangerous condition of the porch was within defendant's knowledge. Plaintiff notes that "[w]hether an unreasonable risk of harm exist[s] is a determination of fact to be made by the jury." *Wagoner v. Water-*

*slide Inc.,* 744 P.2d 1012, 1013 (Utah App. 1987).

 Summary judgment may be granted whenever the trial court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). Our analytical standard for review of a summary judgment is the same as that of the trial court: we review the facts and inferences from those facts in the light most favorable to the losing party. *Seftel v. Capital City Bank,* 767 P.2d 941, 946 (Utah App.1989). If we conclude that a genuine issue of material fact exists, the summary judgment will be overturned and the case remanded for further proceedings on that issue. *Id.* Where no material facts remain unresolved, we examine the trial court's conclusions of law and review them for correctness. *Bonham v. Morgan,* 102 Utah Adv.Rep. 8, 9 (1989) (per curiam).

 We note that summary judgment should be granted with great caution where negligence is alleged. *Apache Tank Lines, Inc. v. Cheney,* 706 P.2d 614, 615 (Utah 1985). This is because "[i]ssues of negligence ordinarily present questions of fact to be resolved by the fact finder." *Id.* "It is only when the facts are undisputed and but one reasonable conclusion can be drawn therefrom that such issues become questions of law." *Id.* Accordingly, summary judgment is reserved for only the most clear-cut negligence cases. *Ingram v. Salt Lake City,* 733 P.2d 126, 126 (Utah 1987) (per curiam). *See, e.g., Webster v. Sill,* 675 P.2d 1170 (Utah 1983) (summary judgment affirmed for landlord where tenant was injured while mowing lawn in exchange for rent reduction).

The trial court granted summary judgment for defendant, relying on the holding of *Steele v. Denver & Rio Grande Western R.R. Co.,* 16 Utah 2d 127, 396 P.2d 751 (1964). *Steele,* however, was decided on the basis of the duty owed by a landowner to an "invitee." This is consistent with the common law notion that the duty of care owed to a person injured on another's property depended on whether the injured party was classified as an invitee, licensee, or trespasser. *Gregory v. Fourthwest Inv., Ltd.,* 754 P.2d 89, 91 (Utah App.1988).

 Utah has now abandoned these artificial common law categories, and expanded the landlord's common law duty. *Id.* It is, therefore, unnecessary to wrestle with the issue of whether at the time of the accident decedent could best be described as a "licensee" or "invitee." Rather, we now impose upon landowners "a duty to exercise reasonable care toward their tenants in all circumstances." *Id.* (quoting *Williams v. Melby,* 699 P.2d 723, 726 (Utah 1985)). That duty of reasonable care encompasses care to assure their property is "reasonably safe and suitable for intended uses." *Stephenson v. Warner,* 581 P.2d 567, 568 (Utah 1978). Landowners may be liable for injuries caused by dangerous conditions which they create, and which they should reasonably foresee would expose others to an unreasonable risk of harm. *Id.* Landowners are not liable, however, if tenants fail to keep the premises "reasonably safe and in good repair." *Id.* Moreover, tenants are liable for any dangerous condition on the premises which they *create or permit to come into existence* after they have taken possession. *Id.* at 568–69; *see generally,* Restatement (Second) of Torts § 355 (1965).

 In granting summary judgment to defendant, the trial court apparently considered the pleadings, answers to defendant's interrogatories, and the depositions of the parties.[1] The trial court then determined that "the decedent created the risk by removing the foundational support for the porch," a conclusion clearly supported by the record. It is clear that decedent did all of the porch reconstruction himself, and

---

1. We can only presume that the trial court did not consider other depositions in the record since the court never referred to them and they were filed after the date of summary judgment. Depositions not considered below may not be considered on appeal. *See Reliable Furniture Co. v. Fidelity and Guar. Ins. Underwriters, Inc.,* 14 Utah 2d 169, 380 P.2d 135 (1963); *Rosander v. Larsen,* 14 Utah 2d 1, 376 P.2d 146 (1962).

was so engaged when the accident occurred. It is also clear that decedent placed temporary supports under the roof and did so without the assistance of the defendant. None of these material facts were disputed. Accordingly, only one reasonable conclusion can be drawn—decedent created the dangerous condition that caused his own death.

We find no error in the trial court's ruling that it was the decedent, not the defendant, who was negligent as a matter of law. *Stephenson* established that the tenant who creates a dangerous condition is responsible for his own injury. *Id.* at 568–69. Although the trial court did not cite *Stephenson* as the legal basis for its decision, we may affirm the trial court on any proper legal basis. *Berube v. Fashion Centre, Ltd.,* 771 P.2d 1033 (Utah 1989); *Taylor v. Estate of Taylor,* 770 P.2d 163, 169 (Utah App.1989).

Plaintiff further characterizes the relationship between defendant and the decedent as one of employer-employee, and claims that the trial court erred in finding otherwise. Plaintiff seeks resolution of this issue in his favor in order to impose a statutory duty upon defendant to provide a safe workplace. *See* Utah Code Ann. § 35–1–12 (1988). If defendant was deemed to be an employer and failed to secure workers' compensation protection for the decedent, plaintiff could also seek certain statutory penalties against defendant. *See* Utah Code Ann. § 35–1–57 (permitting civil actions by injured employees against such employers where injury is "caused by the wrongful act, neglect or default of the employer"). Since it is conclusive as a matter of law, however, that decedent, not defendant, was the negligent party, we need not reach the issue of statutory employment. *See Peterson v. Sorensen,* 91 Utah 507, 65 P.2d 12, 16 (1937) (noncompliance with workers' compensation act does not justify recovery for negligence charged but not proven).

Summary judgment for defendant is affirmed.

GARFF and ORME, JJ., concur.