436 P.2d 1021

**Olive H. PRESTON, Plaintiff and Appellant,**

v.

**George P. LAMB and T. J. Speros, Defendants and Respondents.**

**No. 11001.**

Supreme Court of Utah.

Jan. 22, 1968.

Mabey, Bradford, & Marsden, J. Fred Wright, Salt Lake City, for appellant.

Worsley, Snow & Christensen, Harold G. Christensen, Salt Lake City, for respondents.

ELLETT, Justice:

This is a slip and fall case wherein summary judgment was entered in favor of

**262**

the defendants. The plaintiff appeals from the ruling.

In her original complaint plaintiff alleged that the defendants had negligently permitted an accumulation of snow, water, and slush on the floor of the cafe where she was a business invitee and that as a result of the accumulation aforesaid she slipped and fell, causing her to sustain bodily injury, etc.

After depositions were taken and it appeared from the testimony of all the witnesses that there was no snow, water, or slush on the floor, plaintiff filed an amended complaint in which she alleged negligence on the part of the defendants in that they applied an excessive amount of wax polish to the floor, and as a result thereof she was caused to fall, causing her to sustain bodily injury, etc.

■ She testified in her deposition that a waitress had said to her, "That floor is awfully slippery, Olive, they waxed it last night." This is the only thing which would indicate at all that there was an excessive amount of wax on the floor. The statement, if made, would not bind the defendants, as the duty of a waitress is to serve food and not make out-of-court admissions not relating to her duties. See Idaho Forwarding Co. v. Fireman's Fund Ins. Co., 8 Utah 41, 29 P. 826, 17 L.R.A. 586; Meyers v. San Pedro, L. A. & S. L. Railroad Company, 36 Utah 307, 104 P. 736; Tyng v. Constant-Loraine Inv. Co., 47 Utah 330,

154 P. 767; White v. Utah Condensed Milk Co., 50 Utah 278, 287, 167 P. 656.

The answer of the defendants had denied any excessive amount of wax was or ever had been upon the floor on which plaintiff fell.

The defendants moved for summary judgment, and in opposition thereto the plaintiff filed an affidavit made by a mechanical engineer to the effect that there was not enough wax on the floor; that when the wax was first applied, it had a coefficient of friction with reference to the plaintiff's shoes when dry of .8, but due to daily buffing the coefficient of friction had been reduced to .23 with reference to the plaintiff's shoes if dry and .18 if wet, both of which would be below the .4 which he says was required for safety.

The engineer made no test of the floor on which the plaintiff fell. He claims to have *simulated* the floor by waxing a small section of some other floor and then sprinkling synthetic dust upon it, rolling it with a 50-pound rubber roller, and wiping it with both push broom and dust mop, then buffing it with a rotary floor polisher. He repeated the process 95 times and claims that after 50 buffings the coefficient of friction fell below .4, the safe level.

The testimony of the janitor in his deposition was to the effect that the floor in question was last waxed about four months before the plaintiff's fall occurred.

Now, in order for an affidavit to be of effective use in the determination of a motion for summary judgment, it must set forth such facts as would be admissible in evidence. Rule 56(e) U. R. C. P. Here the tendered affidavit did not support the allegations of the complaint which had been put in issue by the answer of the defendant. The question of the similarity of conditions also would be a matter to influence the trial judge in determining whether the test performed would be admissible in evidence. The affidavit does not state what type of floor was used in the test, whether it was maple, oak, pine, covered with linoleum or bare. It would seem the test was not competent, and the trial judge would not be reversed in ignoring it even if it tended to support the allegations of plaintiff's complaint which were in issue.

Ordinarily the question of negligence and contributory negligence may not be settled on a motion for summary judgment. See Corbridge v. M. Morrin and Son, Inc., 19 Utah 2d 409, 432 P.2d 41. However, when there is no showing of negligence on the part of a defendant, summary judgment is a proper method of eliminating cases which have no merit.

The owner of a business is not a guarantor that his business invitees will not slip and fall. He is charged with the duty to use reasonable care to maintain the floor of his establishment in a reasonably safe condition for his patrons. The issue as raised by the pleadings herein is whether there was an excessive amount of wax upon the floor. The affidavit says there was not enough. The depositions shown no negligence on the part of the defendants.

The judgment of the trial court is affirmed, each party to bear his own costs.

CALLISTER, TUCKETT and HENRIOD, JJ., concur.

CROCKETT, C. J., having disqualified himself does not participate herein.