460 P.2d 832

Francisca PAGAN, Plaintiff and Appellant,

v.

THRIFT CITY, INCORPORATED, and Sie-
brand Circus, Inc., Defendants
and Respondents.

No. 11495.

Supreme Court of Utah.

Nov. 4, 1969.

Mark S. Miner, Salt Lake City, for plaintiff-appellant.

Ernest F. Baldwin, Lawrence Summerhays, Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

The plaintiff filed this action in the court below seeking to recover for personal injuries she claims to have suffered as a result of negligence of the defendants.

Prior to the time of events we are here concerned with the defendant Thrift City, Incorporated, entered into an agreement with Siebrand Circus which permitted Siebrand to operate a merry-go-round and other amusement machines on the parking lot of Thrift City adjacent to its store in Salt Lake County. The agreement did not reserve a right in Thrift City to supervise the operation of any of the amusement machines and it is not claimed by the plaintiff that Thrift City did supervise the operation thereof. On June 11, 1966, the plaintiff accompanied by her husband and daughter went to the shopping center operated by Thrift City for the purpose of making certain purchases and they also purchased a ticket for the daughter, age four, to ride on the merry-go-round. The child was placed on the merry-go-round by one of the attendants and after the merry-go-round had made several revolutions, plaintiff observed that the child had apparently fainted. Plaintiff thereupon attempted to attract the attention of the operator of the machine by shouting but was unable to do so. Mrs. Pagan attempted to board the merry-go-round in order to go to the assistance of her daughter. In attempting to get on the platform she fell to the ground and received the injuries she now complains of.

The defendant Thrift City moved for a summary judgment which was granted by the district court. The issues of negligence and damages claimed by the plaintiff against Siebrand Circus, Incorporated, were submitted to a jury which returned a verdict of no cause of action against the plaintiff. Plaintiff is here seeking a reversal of the summary judgment granted in favor of the defendant Thrift City and she also seeks a new trial in her case against Siebrand.

■ As grounds for a new trial the plaintiff assigns as error the failure of the court to comply with Rule 51 in that the court did not afford counsel an opportunity to make objections to the instructions the court proposed to give to the jury and in failing to rule upon the plaintiff's requested instructions. The record shows that at the conclusion of the taking of evidence on the second day of the trial the court did have a conference with counsel representing the parties and at that time discussed with counsel the proposed

instructions and also indicated the rulings upon the requests of both sides. A copy of the court's instructions was made available to counsel at that time, but plaintiff's counsel did not avail himself of the opportunity of taking a copy for further study. However, the court did permit plaintiff's counsel to take two proposed instructions for the purpose of making amendments which were to be completed and returned at the opening of court the following day. It is true that on the following morning the court was engaged with other matters and when the court proceeded with this case no further opportunity was given to counsel to make additional objections prior to summation and submitting the case to the jury. Plaintiff does not assign as error the giving of the instructions by the court nor does she contend that the jury was misdirected. We find no prejudicial error in the failure of the court to give counsel a second opportunity to object to the instructions prior to their being given to the jury.[1] In any event it would seem that unless plaintiff can direct our attention to the giving of improper instructions the error complained of is harmless.

The other assignment of error urged by the plaintiff is the granting of the summary judgment in favor of the defendant Thrift City. There was no evidence presented to the court below that would indicate that the operator of the merry-go-round was subject to the direction or the control of Thrift City. A possessor of land who holds it open to the public for business purposes is subject to liability for injuries to members of the public where harm is caused by negligent or intentional acts of third persons provided the possessor of the land failed to exercise reasonable care to discover that such acts are being done or likely to be done, or to give a warning adequate to enable visitors to avoid harm. There was nothing in this record to show that the merry-go-round was being operated in a negligent manner or that its operation presented a hazardous situation which might cause harm to a member of the public.[2] The operation of the merry-go-round was solely under the control of Siebrand Circus and the facts do not show that Thrift City violated any duty owed the plaintiff.

We are of the opinion that the plaintiff has failed to show any error which would require a reversal. The decision and judgment of the court below is affirmed. Respondents are entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Hanks v. Christensen, 11 Utah 2d 8, 354 P.2d 564.

2. Restatement of Torts 2d, Section 344; Montoya v. Berthana Inv. Corp., 21 Utah 2d 37, 439 P.2d 853.