Ernestina MARTIN, Plaintiff
and Appellant,

v.

SAFEWAY STORES INCORPORATED,
Defendant and Respondent.

No. 14492.

Supreme Court of Utah.

June 20, 1977.

Mark S. Miner, Salt Lake City, for plaintiff and appellant.

Merlin R. Lybbert of Snow, Christensen & Martineau, Salt Lake City, for defendant and respondent.

SWAN, District Judge:

This is an action for personal injury brought by Ernestina Martin, the plaintiff

and appellant herein, to recover damages for a broken leg resulting from a fall on a sidewalk leading from the parking lot of Safeway Stores to the main entrance of its grocery store. At the conclusion of the evidence Safeway Stores, Incorporated, the defendant and respondent herein, moved for a directed verdict which the trial court granted, and it is from that ruling that the appeal to this Court is taken.

It is uncontroverted that on January 13, 1975, at approximately 9:30 p. m., and after defendant's employees had closed the store for the day's business, the plaintiff and her husband, Abraham Martin, drove their car to defendant's grocery store and parked in the parking lot in a space adjoining the sidewalk that leads to the main entrance of the store. The plaintiff and her husband had been married in Mexico a few days before, and plaintiff's husband had brought plaintiff to his home in Salt Lake City and later had gone to the store intending to purchase some groceries.

The evidence shows that it had been snowing intermittently throughout the day and that the Safeway employees had shoveled the snow and cleaned and salted the sidewalk at 2:00 o'clock p. m. and again at 5:00 o'clock p. m. It was the practice of defendant's employees to keep the sidewalk as clean as possible to avoid water being tracked into the store that would later have to be mopped up.

After plaintiff's husband parked the car, the plaintiff got out on the passenger side in an area that was covered with snow and ice. She proceeded onto the sidewalk and toward the main entrance of the store. The evidence at trial was conflicting as to exactly where the plaintiff fell, but the evidence taken in the light most favorable to the plaintiff indicates that she fell at a place on the sidewalk where there was a slight spalling or flaking of the concrete. After she fell, the plaintiff's husband helped her back to the car and then went to the front door of the store which was locked. He got the attention of the defendant's inventory clerk and a customer who was still at the checkout counter and they went to the place where plaintiff had fallen and with the aid of a flashlight found an icy spot about twelve to fourteen inches in diameter. It was this spot of ice that plaintiff contends was the cause of plaintiff's fall and for which the defendant should be held liable.

■■■ This court has held that property owners are not insurers of the safety of those who come upon their property, even though they are business invitees. The liability of the owner of a store should be established only when the condition complained of has existed for a long enough time that the owner should have known about it and corrected it, or has had actual knowledge of the condition complained of. Here the plaintiff failed to produce any evidence to show that the danger had existed for any period of time prior to the accident. The evidence is without dispute that snow had fallen during the day, that employees of the defendant shoveled the walkway on two occasions and that the walk was salted on each occasion. Thereafter the sidewalk was wet but not icy, and the defendant's courtesy clerk testified that he had walked past the area where the accident occurred some twenty to thirty times and had observed it to be wet but had not observed the presence of any ice.

The plaintiff presented no evidence to show the temperature or when the freezing could have occurred, and the only reasonable inference that could be drawn from the evidence is that the ice formed at a time and place where it was not observed by defendant's employees or any customers, or that the freezing occurred after the store employees could reasonably have expected customers to come to the store. The plaintiff's husband testified that the ice was clear and was the same color as the sidewalk and could not be seen, and all of the other witnesses concurred in this observation.

■■■ The essential inquiry relating to defendant's negligence is whether the defendant's employees know, or in the exercise of ordinary care should have known, that a dangerous condition existed, and whether sufficient time elapsed thereafter that ac-

tion could have been taken to correct the situation. Owners of stores, banks, office buildings, theaters or other buildings where the public is invited to come on business or for pleasure are not insurers against all forms of accidents that may happen to any who come. It is not the duty of persons in control of such buildings to mop the sidewalk dry or take other steps necessary to prevent the accumulation of moisture on the sidewalk that might freeze and create an icy condition. It is significant to note that the icy spot complained of was only twelve inches by fourteen inches in area, and the evidence shows that the area where the spalling occurred was much larger than the icy area described by the witnesses. The plaintiff's physicist conducted an experiment and found that water would only accumulate to a depth of one-fourth inch in the spalling area before running off the sidewalk, and it cannot be the duty of persons in control of such buildings to seek out and mop dry all such depressions in the walkways and approaches to such buildings.

█ The trial court found that defendant had taken all reasonable precautions to keep the walkway cleared of snow, and salted and could not be charged with a duty of keeping the sidewalk dry and free from ice even after the time for closing the store. The trial court determined that as a matter of law reasonable minds could not differ in finding that the defendant's employees had met their duty under the circumstance in making the sidewalk reasonably safe, and that no evidence was presented as to how long the ice was present or that the employees of the store had or in the exercise of reasonable care could have had notice of the condition and an opportunity to correct it. It is our opinion that the evidence justifies the trial court so ruling as a matter of law. See *De Weese v. J. C. Penney Co.,* 5 Utah 2d 116, 297 P.2d 898.

The plaintiff offered an exhibit showing the weather conditions at the Salt Lake City Airport of the month of January of 1975. The trial court sustained an objection to the exhibit on the grounds that an exhibit that summarized the weather condition at the Salt Lake Airport is immaterial to prove the weather condition at Midvale some twenty miles away. *Throop v. F. E. Young & Co.,* 94 Ariz. 146, 382 P.2d 560 (1963); *Tucker v. Lower,* 200 Kan. 1, 434 P.2d 320 (1967); *Gunderson v. Brewster,* 154 Mont. 405, 466 P.2d 589 (1970); *Carter v. Moberly,* 263 Or. 193, 501 P.2d 1276 (1972).

The Utah Rules of Evidence provide:

Rule 45. The judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will . . .

(b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury.

This Court held in *De Weese v. J. C. Penney Co.,* (supra)

It is recognized that in this mountain valley storms are sometimes spotty and irregular as to time and place of starting, duration and amount of precipitation.

5 Utah 2d at 122, 297 P.2d at 902.

If plaintiff's attorney felt that it was necessary to prove what the weather was on January 13, 1975 in the area of the store, he had available ample direct means by questioning witnesses who were present and concerned with the weather on the day of the accident.

█ The law is clear that in matters of determining materiality the trial court should be accorded a large measure of discretion and should only be reversed if this discretion is abused. The weather report offered as Exhibit "4–P" had very little, if any, probative value and it could have created a substantial risk of confusing the issues. The judge did not abuse his discretion in excluding it.

█ The plaintiff further contends that some neon lights were broken and not lighted, and that this constituted further grounds of negligence for which the defendant should be liable. The evidence is without dispute that these lights had been originally installed for decorative purposes but had been inoperative for several years.

The evidence is without dispute that there were three large parking lights in the parking lot, that they were lighted at the time of the accident and they illuminated the entire area outside the store. The trial court did not find evidence of insufficient lighting that would take the case to the jury, nor do we.

Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. The character or extent of an injury may have no bearing upon the question of the liability therefor; neither has the wealth nor the poverty of either party to such a litigation anything to do with the question of liability for the accident.

The decision of the trial court directing a verdict in favor of the defendant is affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

WILKINS, J., concurs in result.

MAUGHAN, J., dissents.

HALL, J., does not participate herein.