64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carla F. LAND, Plaintiff-Appellant,
v.
UNITED STATES of America, Lee Bullock Excavating and Paving,
Inc., Evan H. Ludwig, Guardian Ad Litem for
Defendant Daniel Ludwig; Leroy Barr, Defendants,
and
State Bank of Southern Utah, Defendant-Appellee.
 No. 94-4206.
 United States Court of Appeals, Tenth Circuit.
 Aug. 28, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Carla F. Land appeals from the district court's order granting the State Bank of Southern Utah's (the Bank's) motion for summary judgment.[2] We affirm.
 
 
 3
 Ms. Land commenced this action against the United States pursuant to the Federal Tort Claims Act. She asserted pendent state claims against the nongovernmental defendants. Ms. Land's claims arose from injuries she incurred when she fell on a private driveway owned by the United States and maintained by the Bank. Returning to her car, which was legally parked there, Ms. Land stepped off the curb directly behind her vehicle and fell on a patch of black ice.
 
 
 4
 Ms. Land alleged that the Bank owed her, a business invitee, an affirmative duty to either make the premises safe or warn her of the danger. The district court agreed, but held the Bank had fulfilled its duty because that duty did not extend to removing moisture or ice from the area of the fall.
 
 
 5
 We review de novo the district court's grant of summary judgment viewing "the evidence in the light most favorable to the nonmoving party." Repp v. Anadarko Mun. Hosp., 43 F.3d 519, 521 (10th Cir.1994). Summary judgment is appropriate if the materials on file show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the district court's application of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 6
 On appeal, Ms. Land argues the facts are disputed as to whether the Bank met its duty to exercise reasonable care to ascertain the actual condition of the driveway and to either make it safe or warn her of the danger, and whether the Bank should have discovered the icy condition. Ms. Land also argues that, under Utah law, the Bank's duty extended to the gutter area.
 
 
 7
 In Martin v. Safeway Stores Inc., 565 P.2d 1139 (Utah 1977), the court held that a defendant business owner is "not [an] insurer[ ] against all forms of accidents that may happen to any who come." Id. at 1141. The Bank had no duty "to mop the sidewalk dry or take other steps necessary to prevent the accumulation of moisture on the sidewalk that might freeze and create an icy condition." Id. Here, the sidewalk and driveway were clear and dry. The icy patch was located directly off the curb in the gutter area where plowed snow would naturally melt and refreeze.
 
 
 8
 Considering the specific facts of the instant case--that the ice was in a gutter adjacent to a driveway where moisture accumulation, thawing and refreezing, are inevitable in wintertime in Utah--we agree with the district court's grant of summary judgment. Cf. Gregory v. Fourthwest Invs., Ltd., 754 P.2d 89, 91 (Utah Ct.App.1988)(mere accumulation of snow or ice does not make a landlord liable); see generally, Lopatkovich v. City of Tiffin, 503 N.E.2d 154, 158 (Ohio 1986)(no negligence shown as ice was natural accumulation as a result of refreezing of melting snow); Buffa v. Dyck, 358 N.W.2d 918, 919 (Mich.Ct.App.1984)(landowner has no responsibility where danger is direct result of natural forces such as melting and refreezing snow); Timmons v. Turski, 430 N.E.2d 1135, 1137 (Ill.App.Ct.1981)(landowner not liable where ice accumulated as a result of natural causes); Morrison v. City of Anchorage, 390 P.2d 782, 783 (Alaska 1964)(no liability for natural accumulations of ice).
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court also granted summary judgment to the United States and Lee Bullock Excavating and Paving, Inc. During the pre-briefing settlement conference, plaintiff settled her claims against these parties. Defendants Evan H. Ludwig, Guardian Ad Litem for defendant Daniel Ludwig, and LeRoy Barr were dismissed by stipulation during the district court proceedings. Thus, the Bank is the sole appellee here