Barbara SCHNUPHASE, Plaintiff and Appellant,

v.

STOREHOUSE MARKETS, Defendant and Appellee.

No. 940606.

Supreme Court of Utah.

June 11, 1996.

Dean N. Zabriskie and Thomas L. Low, Provo, for plaintiff.

George T. Naegle, Salt Lake City, for defendant.

DURHAM, Justice:

Plaintiff Barbara Schnuphase brought suit against defendant Storehouse Markets for personal injuries sustained as a result of a slip and fall in the deli section of its Richfield, Utah, store. Schnuphase appeals the trial court's grant of Storehouse Markets' summary judgment motion. We affirm.

On May 29, 1991, Schnuphase entered the deli section of the Storehouse Markets, slipped on a scoop of ice cream that another customer had dropped, and fell. Schnuphase claims that Storehouse Markets was negligent in failing to discover and remove the spilled ice cream and in failing to take adequate precautionary measures to prevent or warn about such hazards. Following discovery, Storehouse Markets moved for summary judgment, arguing that because the ice cream had been on the floor for only two to four minutes, there had not been sufficient time to put Storehouse employees on notice of the hazard. The trial court granted Storehouse Markets' motion for summary judgment on the basis of its finding that Schnuphase failed to state a claim under either theory of liability. Schnuphase now appeals that ruling.

In reviewing the trial court's grant of summary judgment, this court views the facts in the light most favorable to the nonmoving party. *See FMA Acceptance Co. v. Leatherby Ins. Co.,* 594 P.2d 1332, 1335 (Utah 1979). Most cases involving claims of negligence are not susceptible to summary disposition; however, where the evidence "is free from doubt so that all reasonable [persons] would come to the same conclusion," summary disposition is appropriate. *Anderson v. Toone,* 671 P.2d 170, 172 (Utah 1983), *rev'd on other grounds, Randle v. Allen,* 862 P.2d 1329, 1336 (Utah 1993); *accord Preston v. Lamb,* 20 Utah 2d 260, 436 P.2d 1021, 1022 (1968). In other words, "bare contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude the entry of

summary judgment." *Massey v. Utah Power & Light*, 609 P.2d 937, 938 (Utah 1980).

 This court has held that "[t]he owner of a business is not a guarantor that his business invitees will not slip and fall. He is charged with the duty to use reasonable care to maintain the floor of his establishment in a reasonably safe condition for his patrons." *Preston*, 436 P.2d at 1023; *see also Martin v. Safeway Stores Inc.*, 565 P.2d 1139, 1140 (Utah 1977) ("[P]roperty owners are not insurers of the safety of those who come upon their property, even though they are business invitees."). In outlining a store owner's duty of reasonable care in another slip and fall case, this court in *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175 (Utah 1975), identified two classes of negligence cases. In the first class, a store owner must have either actual or constructive knowledge of the hazardous condition:

> The first [class] involves some unsafe condition of a *temporary* nature, such as a slippery substance on the floor and usually where it is not known how it got there. In this class of cases it is quite universally held that fault cannot be imputed to the defendant so that liability results therefrom unless two conditions are met: (A) that he had knowledge of the condition, that is, either actual knowledge, or constructive knowledge because the condition had existed long enough that he should have discovered it; and (B) that after such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it.

*Id.* at 176. In the second class, negligence is based on a showing that the store owner created the hazardous condition:

> The second class of cases involves some unsafe condition of a *permanent* nature, such as: in the structure of the building, or of a stairway, etc. or in equipment or machinery, or in the manner of use, which was created or chosen by the defendant (or his agents), or for which he is responsible. In such circumstances, where the defendant either created the condition, or is responsible for it, he is deemed to know of

the condition; and no further proof of notice is necessary.

*Id.*

 Under the facts of the instant case, we conclude that the trial court correctly determined that because the evidence showed Storehouse Markets' employees did not know and could not have known of the spill, liability could not be predicated on the first theory of liability. Under this first theory, "[t]he liability of the owner of a store should be established only when the condition complained of has existed for a long enough time that the owner should have known about it and corrected it, or has had actual knowledge of the condition complained of." *Martin*, 565 P.2d at 1140.

It is undisputed that no Storehouse Markets employee had actual knowledge that the ice cream was on the deli floor. In her affidavit, Ruby Smith, a store employee who worked in the deli on the day of the accident, stated that she was unaware of any substance on the floor that might have caused Schnuphase to slip and fall. Moreover, Ann Gardener, a patron of Storehouse Markets and an eyewitness to the accident, stated in her deposition that the store employee behind the deli counter was busy with customers and did not see the potentially hazardous condition. She further stated that a young boy had dropped one scoop of ice cream on the floor of the deli section and that within two to four minutes Schnuphase slipped on the ice cream and fell, precluding an imputation of knowledge of the condition to Storehouse Markets.

Schnuphase nevertheless contends that a jury could find that defendant should have been more vigilant in finding and removing the spilled ice cream. We disagree. There is no evidence or any basis from which a fair inference could be drawn that Storehouse Markets should have realized that there was ice cream on the floor or that it had any opportunity to remove it. The evidence thereby precludes a reasonable jury from finding that the ice cream had been on the floor for such a period of time that defendant should have known of it.

■ The trial court also correctly concluded that under the facts of this case, plaintiff failed to present sufficient evidence to establish a claim under the second theory of liability. After noting that selling ice cream is not an inherently dangerous activity, the trial court found that Schnuphase failed to produce any evidence showing that Storehouse Markets created or was responsible for creating a dangerous condition. Instead, Schnuphase, without any supportive affidavits, makes the bare assertion that Storehouse Markets' method of operation created a situation where it was reasonably foreseeable that the expectable acts of third parties would create a dangerous condition or defect.

Schnuphase relies primarily on the Utah Court of Appeals' decision in *Canfield v. Albertsons, Inc.*, 841 P.2d 1224, 1227 (Utah. Ct.App.1992), to support her argument. *Canfield*, however, is inapposite. In *Canfield*, Albertsons created a temporary condition by placing empty boxes around a "farmer's pack" display of lettuce, expecting that customers would discard some of the outer leaves in the empty boxes. *Id.* at 1225. The plaintiff slipped on a leaf which had fallen or which a customer had dropped on the floor. The court of appeals reversed the trial court's grant of summary judgment on the ground that "there was a material issue of fact involving the question of whether Albertsons took reasonable precautions to protect its customers from the dangerous condition it created." *Id.* at 1227. Central to its finding in *Canfield* was the court of appeals' determination that Albertsons had notice of the potentially hazardous condition, as evidenced by the store's placement of empty boxes and its instituting a regular schedule for inspecting and cleaning the produce section. *Id.* Schnuphase contends that, as in *Canfield*, Storehouse Markets "expected" customers to eat ice cream in the deli section. Furthermore, because it was foreseeable that the ice cream would occasionally fall to the floor, Storehouse Markets had a duty to take precautions against the foreseeable danger that someone would slip and fall. Specifically, Schnuphase claims that Storehouse Markets failed to take the following precautionary measures: installation of nonskid mats or any other traction-enhancing coverings, placement of warning signs indicating the possibility of encountering spilled ice cream, appointment of a spill monitor in the deli section, or installation of a lower counter to facilitate employee monitoring of the area.

However, *Canfield* does not support liability in this case because Schnuphase failed to provide evidence of the foreseeability of an inherently dangerous condition. In a series of cases, this court has stated that foreseeability and inherent danger are key elements of a negligence action under the second theory of liability. *See Long v. Smith Food King Store*, 531 P.2d 360, 362 (Utah 1973) (essential element in method of operation claim is that condition created by defendant is of such character that defendant has or should have notice of inherently dangerous condition); *see also Allen*, 538 P.2d at 176–77 (temporary display does not constitute dangerous condition of permanent nature). While we do not limit the second class of cases to only those operations which are permanently employed, inherent danger and foreseeability remain essential elements of the claim.

We believe that the trial court correctly concluded that under the facts of this case, plaintiff failed to present sufficient evidence on a claim of negligent mode of operation and that reasonable minds could not differ on the question of whether Storehouse Markets took reasonable precautions to protect its customers. As previously noted, a store owner is charged with the duty to use reasonable care in maintaining the floors of his or her establishment. This court's comments in *Long* are equally applicable to the case at hand: "[I]f [the store owner's] duty required further safety measures, we are made to wonder ... how far the defendant would have to go in protecting the customers, both in method and in area. There does not appear to be any reasonable and practical answer to that inquiry." *Long*, 531 P.2d at 362.

As this court has often stated in other cases, it is regrettable that plaintiff suffered injuries. However, "[n]ot every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents

occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured." *Martin*, 565 P.2d at 1142. For the aforementioned reasons, the trial court's grant of Storehouse Markets' summary judgment motion is affirmed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.