**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPHINE MARTINEZ,

      Plaintiff-Appellant,

v.

PAYLESS DRUG STORES
NORTHWEST, a Maryland
corporation, dba Payless Drug Stores,

      Defendant-Appellee.

No. 97-4048
(D.C. No. 95-CV-954-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK, EBEL,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Josephine Martinez appeals from an order of the district court granting defendant's motion for summary judgment. We affirm.

Ms. Martinez commenced this diversity negligence action seeking damages from defendant after she was hit in the face with a ball while she was shopping in defendant's store. The district court granted summary judgment for defendant holding that defendant could not be held liable for Ms. Martinez' injuries because no reasonable jury could find that Ms. Martinez had established the elements necessary to meet the statutory requirements for negligence under Utah law.

On appeal, Ms. Martinez argues that the district court erred in refusing to hear her Fed. R. Civ. P. 56(f) motion to obtain additional discovery before the court ruled on the summary judgment motion. She also asserts the district court erred in granting defendant's motion for summary judgment because genuine issues of material fact exist and the case should have gone to a jury.

We review a district court's denial of a Rule 56(f) motion for abuse of discretion. See Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir. 1984). The party seeking Rule 56(f) relief must submit an affidavit explaining why it cannot present facts which would preclude the entry of summary judgment without further discovery. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992).

Here, counsel made an oral motion requesting Rule 56(f) relief at the hearing on defendant's motion for summary judgment. An oral motion made at the summary judgment hearing does not meet the rule's requirements. See Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir. 1988) (informal oral request for more time to conduct discovery does not comply with Rule 56 requirements); see also Committee for the First Amendment, 962 F.2d at 1522 (counsel's advocacy does not suffice for evidence or fact for purposes of Rule 56(f)); Radich v. Goode, 886 F.2d 1391, 1394-95 (3d Cir. 1989) (same). Because the Rule 56(f) motion was made as an informal oral request without submission of a supporting affidavit, the district court did not abuse its discretion in declining to entertain the motion.

Ms. Martinez also asserts the district court erred in granting summary judgment for defendants because genuine issues of material fact are present which preclude the entry of summary judgment.

> We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants. Summary judgment is appropriate only when the moving party shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. The nonmovant may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (quotations and citations omitted).

The incident at issue occurred one evening while Ms. Martinez was shopping at the store with her grandson. Ms. Martinez stated that she saw two girls throw a ball one time as she entered the toy section of the store. Approximately ten to fifteen minutes later, Ms. Martinez was hit in the face with a small rubber ball similar to the one she had seen the girls throw earlier. The girls were seen leaving the store in a hurry. Ms. Martinez and her grandson are the only eye witnesses as the girls have never been identified.

Under Utah law, a store owner can be held liable for the injuries incurred by one of its patrons in two situations. A store owner can be found liable if the store owner had actual or constructive knowledge of a temporary hazardous condition and sufficient time has passed after discovery of the condition so that the store owner, in the exercise of reasonable care, should have remedied the condition. See Schnuphase v. Storehouse Markets, 918 P.2d 476, 478 (Utah 1996). A store owner can also be found liable for injuries incurred by one of its patrons if the store owner created a hazardous condition of a permanent nature. See id. In such instances, the store owner is deemed to know of the condition and the injured party need not show notice and time to remedy. See id.

Ms. Martinez is attempting to establish defendant's liability, alternatively, under both of these theories. The undisputed evidence is that Ms. Martinez saw two girls throw a ball once when she entered the toy aisle of the store. She was hit by a ball ten to fifteen minutes later. Under the first theory, Ms. Martinez asserts that defendant should have known the two girls were throwing the ball back and forth in the store because a reasonable inference would be that the girls had been throwing the ball continuously for at least fifteen minutes.[1] She supports this inference by citing the "common human experience" that teenagers will continue to play until they are forced to stop because they have broken something or they have hurt someone. Appellant's Br. at 15-16. Ms. Martinez also cites to the fact that up to eight employees could have been working that evening, a number she asserts is sufficient so that the girls' actions should have been noticed. Ms. Martinez contends that a reasonable conclusion would be that defendant should have discovered the girls and stopped the ball throwing.

We do not agree that this conclusion is supported by reasonable inferences. Evidence that leaves the element of causation in the area of speculation,

---

[1] In her motion for reconsideration to the district court and to this court, Ms. Martinez urges that a reasonable inference would be that the girls had been throwing the ball before she entered the store. She, therefore, concludes it should be inferred that they had been throwing the ball for twenty-five minutes, which she asserts is sufficient time for defendant to have discovered them and to have taken steps to remedy the situation.

conjecture and surmise cannot establish negligence. See, e.g. Clark v. Farmers Ins. Exch., 893 P.2d 598, 601 (Utah Ct. App. 1995) (if proximate cause of injury is left to speculation, claim must fail as matter of law). Ms. Martinez is asking us to speculate that the girls had been playing a game of catch continuously for fifteen to twenty-five minutes. An equally plausible speculation would be that the girls had thrown the ball only once on impulse, an impulse which they gave into again ten to fifteen minutes later. While we are required on a motion for summary judgment to view the facts and reasonable inferences that may be drawn from those facts in the light most favorable to the opposing party, we are not required to engage in speculation favorable to that party. We cannot agree that Ms. Martinez' conjectures amount to reasonable inferences.

In the alternative, Ms. Martinez asks us to hold that the manner in which the balls were displayed in the toy area was inherently dangerous. If the display were inherently dangerous, the issue becomes whether defendant "took reasonable precautions to protect customers against the dangerous condition it created." Canfield v. Albertsons, Inc., 841 P.2d 1224, 1227 (Utah Ct. App. 1992).

A store owner is not a guarantor of his business invitees' safety. See Schnuphase, 918 P.2d at 478; see also Martin v. Safeway Stores Inc., 565 P.2d 1139, 1140 (Utah 1977). Rather, the store owner "is charged with the duty to use reasonable care to maintain . . . his establishment in a reasonably safe condition

for his patrons." Preston v. Lamb, 436 P.2d 1021, 1023 (Utah 1968). Ms. Martinez made no showing as to the general standards of safety employed by stores with toy departments or displays of balls. She presented no evidence either that the manner in which the balls were displayed was inherently dangerous or that defendant had not used reasonable care in the maintenance of the store. Ms. Martinez did not present evidence sufficient to support a finding of liability under either negligence theory.

Ms. Martinez filed a Fed. R. Civ. P. 59(e) motion to alter or amend the court's judgment. We review a district court's ruling on a Rule 59(e) motion under an abuse of discretion standard. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Ms. Martinez submitted an affidavit from a former employee of defendant in support of her Rule 59(e) motion. This affidavit only shows that, as far as the affiant knew, employees were seldom available to help customers; the toy section of the store could not be observed by the cashiers; children liked to play with the toys; and after the store closed, employees had to spend about an hour reshelving merchandise that had been moved during the day. This does not amount to evidence that the ball display was inherently dangerous. The district court did not abuse its discretion in denying Ms. Martinez' Rule 59(e) motion.

The judgment of the United States District Court for the District of Utah is

AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge