1999 UT 14

**Patricia MERINO, Plaintiff and Appellee,**

v.

**ALBERTSONS, INC., Defendant and Appellant.**

**No. 970062.**

Supreme Court of Utah.

Feb. 19, 1999.

Rehearing Denied April 14, 1999.

Peter C. Collins, Tara L. Isaacson, Salt Lake City, for Appellee

Randall D. Lund, Salt Lake City, for Appellant

DURHAM, Associate Chief Justice:

¶ 1   Defendant Albertsons, Inc. ("Albertsons"), appeals, *inter alia,* from the trial court's denial of Albertsons' motion for directed verdict.  Because we reverse the trial court's denial of defendant's motion for directed verdict, we do not reach the other issues raised on appeal.

¶ 2   In May of 1993, plaintiff Patricia Merino slipped on a kiwi and fell while shopping in an Albertsons' produce department.  Approximately one year later, Ms. Merino had another slip-and-fall accident at the same location.  This time, Ms. Merino brought suit against Albertsons for personal injuries arising from the two incidents.  At the conclusion of the plaintiff's case, Albertsons moved for a directed verdict against Ms. Merino.  The trial court denied the motion and the jury returned a verdict in favor of Ms. Merino.  Albertsons appealed the trial court's denial of its motion for directed verdict as well as several of the trial court's other rulings.

¶ 3   "This [c]ourt's standard of review of a directed verdict is the same as that imposed upon a trial court."  *Management Comm. of Graystone Pines Homeowners Ass'n v. Graystone Pines, Inc.,* 652 P.2d 896, 898 (Utah 1982).  A trial court is justified in granting a directed verdict only if, examining all evidence in a light most favorable to the non-moving party, there is no competent evidence that would support a verdict in the non-moving party's favor.  *See Cornia v. Wilcox,* 898 P.2d 1379, 1383 (Utah 1995).  A motion for directed verdict "can be granted only when the moving party is entitled to judgment as a matter of law."

¶ 4   This is not a case of first impression, but we take this opportunity to clarify the law.  We have repeatedly held that "a business owner is not a guarantor that his business invitees will not slip and fall."  *Schnuphase v. Storehouse Markets,* 918 P.2d 476, 478 (Utah 1996) (quoting *Preston v. Lamb,* 20 Utah 2d 260, 436 P.2d 1021, 1023 (1968)).  Accordingly, we have recognized only two legal theories under which a plaintiff may recover against a business owner for injuries arising from a slip-and-fall accident.  *See id.* at 478.

¶ 5   The first theory applies in cases involving an unsafe condition of a temporary nature.  In these cases, liability cannot be established unless two conditions are met.  First, a plaintiff must show that the business owner knew or should have known of the hazardous condition.  Second, a plaintiff must show that the business owner had enough time to remedy the unsafe condition had the owner exercised reasonable care, and that the owner failed to do so.

¶ 6   The second theory giving rise to liability for slip-and-fall accidents on business premises involves unsafe conditions of a permanent nature.  In such circumstances, it is not necessary for the plaintiff to show that the defendant had knowledge of the condition; notice is presumed.

¶ 7   The present case does not involve an unsafe condition of a permanent, or even semi-permanent, nature.  Ms. Merino slipped on a kiwi in 1993 and then slipped on a jalapeño a year later.  There is no testimony that the floor was permanently covered with fruit or vegetable debris.  The testimony of plaintiff's investigator regarding the condition of the floor was gathered from some nine visits over a period of approximately two years and cannot be said to establish a permanently unsafe condition at the time of either accident.

¶ 8   In short, this is a case arising from an unsafe condition of a temporary nature.  As plaintiff, Ms. Merino was re-

quired to provide evidence that Albertsons knew or should have known of the existence of the kiwi on the floor (on the first occasion) and the jalapeño on the floor (on the second). No such evidence was produced. Consequently, the trial court erred in not granting defendant's motion for a directed verdict. We reverse and direct the trial court to enter judgment for Albertsons.

Chief Justice HOWE, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Associate Chief Justice DURHAM's opinion.