2002 UT App 412

**Nanette CARLILE, Plaintiff and Appellant,**

v.

**WAL–MART, Defendant and Appellee.**

**No. 20010632–CA.**

Court of Appeals of Utah.

Dec. 12, 2002.

Ronald E. Dalby, Larson Turner Fairbanks & Dalby, South Jordan, for Appellant.

Mitchell T. Rice, Morgan Meyer & Rice LC, Salt Lake City, for Appellee.

Before JACKSON, P.J., BILLINGS, Associate Presiding Judge, and DAVIS, J.

## OPINION

BILLINGS, Associate Presiding Judge:

¶1 Nanette Carlile (Carlile) appeals the district court's grant of summary judgment to Wal–Mart Stores, Inc. (Wal–Mart). We reverse and remand.

## BACKGROUND

¶2 On April 11, 2000, Carlile was in the fabrics section of Wal–Mart when she was struck by an electric cart. The woman driving the cart fled the scene and has not been identified. Wal–Mart made the cart available for public use.

¶3 On January 5, 2001, Carlile filed a negligence action against Wal–Mart. Wal–Mart responded by filing a motion to dismiss, arguing Carlile's complaint failed to allege sufficient facts to sustain a negligence action. The district court denied the motion without prejudice, stating that Wal–Mart might be liable under respondeat superior if the cart driver was a Wal–Mart employee. Wal–Mart then filed a supplemental memorandum in support of the motion to dismiss. Submitted with the memorandum were two affidavits of Wal–Mart employees, stating they had witnessed the accident and did not recognize the cart driver as an employee. In response, Carlile filed a motion asking for further discovery and leave to amend her complaint.

¶4 In granting summary judgment to Wal–Mart, the district court ruled that, as a matter of fact, the cart driver was not a Wal–Mart employee and therefore Wal–Mart was not liable under respondeat superior. It also ruled that, as a matter of law, Wal–Mart was not liable to Carlile under any other theory of negligence. Lastly, it denied Carlile's motion for further discovery and leave to amend. Carlile appeals.

## ISSUES AND STANDARDS OF REVIEW

¶5 Carlile argues the district court erred in holding, as a matter of law, that Carlile could not recover under Utah premises liability law. In deciding whether the district court properly granted summary judgment to Wal–Mart, "we give no deference to the [district] court's view of the law, we review it for correctness." *CECO Corp. v. Concrete Specialists, Inc.*, 772 P.2d 967, 969 (Utah 1989).

¶6 Carlile next argues the district court erred in denying her motion for further discovery. Because district courts have broad discretion in matters of discovery, we review the district court's denial for abuse of discretion. *See Green v. Louder*, 2001 UT 62,¶37, 29 P.3d 638.

¶7 Lastly, Carlile argues the district court erred in denying her motion to amend. We review the denial of a motion to amend for abuse of discretion. *See Aurora Credit Servs., Inc. v. Liberty West Dev., Inc.*, 970 P.2d 1273, 1281 (Utah 1998).

## ANALYSIS

### I. Utah Premises Liability

¶8 Carlile argues the district court misinterpreted Utah premises liability law when it ruled that Wal–Mart could not be held liable for Carlile's injuries. The Utah Supreme Court has recognized two classes of negligence cases in which a store owner can be held liable: "In the first class, a store owner must have either actual or constructive knowledge of the hazardous condition." *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 478 (Utah 1996) (citing *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175, 176 (Utah 1975)). "In the second class, negligence is based on a showing that the store owner created the hazardous condition." *Id.* Therefore, Carlile can only recover if the electric cart presented (1) a hazardous condition that Wal–Mart had actual or constructive knowledge of or (2) a hazardous condition that Wal–Mart created.

### A. Knowledge of a Hazardous Condition

¶9 Carlile first argues the electric cart presented a hazardous condition and that further discovery is needed to determine whether Wal–Mart had actual or constructive knowledge of this condition. In defining this first class of premises liability, the Utah Su-

preme Court has held that a hazardous condition

"involves some unsafe condition of a *temporary* nature, such as a slippery substance on the floor and usually where it is not known how it got there. In this class of cases it is quite universally held that fault cannot be imputed to the defendant so liability results therefrom unless two conditions are met: (A) that he had knowledge of the condition, that is, either actual knowledge, or constructive knowledge because the condition had existed long enough that he should have discovered it; and (B) that after such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it."

*Schnuphase*, 918 P.2d at 478 (citation omitted).

¶ 10 In this case, the nature and location of the electric cart does not present a temporary unsafe condition. Rather, Carlile argues that Wal–Mart may have been aware that the cart was defective and failed to remove it from the floor. We conclude Carlile is entitled to conduct discovery in regard to whether Wal–Mart had actual or constructive knowledge of a defect in the cart and had sufficient time to remedy the same.

¶ 11 Carlile also argues that a cart driven by a negligent customer presents a temporary unsafe condition. Carlile alleges that prior to the cart driver striking her, the cart driver crashed into several racks or displays and Wal–Mart employees "were aware of the situation."

¶ 12 The Utah Supreme Court has recognized that business owners have a duty to protect customers from " 'physical harm caused by the accidental, negligent, or intentionally harmful acts of third parties.' " *Dwiggins v. Morgan Jewelers*, 811 P.2d 182, 183 (Utah 1991) (quoting Restatement (Second) of Torts § 344 (1955)); *see also Pagan v. Thrift City*, 23 Utah 2d 207, 460 P.2d 832, 834 (1969). Business owners further have a duty to " 'discover that such acts are being done or are likely to be done' " or " 'give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.' " *Dwiggins*, 811 P.2d at 183

(quoting Restatement (Second) of Torts § 344). However, "that duty does not arise until the business owner knows, or should know, that [such] acts are likely to occur." *Id.*

¶ 13 Because business owners have a duty to prevent "accidental, negligent, or intentionally harmful acts of third persons" that they "know, or should know, ... are likely to occur," we conclude the district court erred in granting Wal–Mart's motion for summary judgment and in not allowing discovery as to whether Wal–Mart knew or should have known that third-party cart drivers were likely to commit such harmful acts.

### B. Creation of a Hazardous Condition

¶ 14 Carlile next argues the electric cart was a hazardous condition that Wal–Mart created. The Utah Supreme Court has held that:

"The second class of cases involves some unsafe condition of a *permanent* nature, such as: in the structure of the building, or of a stairway, etc. or in equipment or machinery, or in the manner of use, which was created or chosen by the defendant (or his agents), or for which he is responsible. In such circumstances, where the defendant either created the condition, or is responsible for it, he is deemed to know of the condition; and no further proof of notice is necessary."

*Schnuphase*, 918 P.2d at 478 (citation omitted). The Utah Supreme Court has further held that "the foreseeability of an inherently dangerous condition" is essential for recovery under this second class of premises liability. *Id.*

¶ 15 Carlile argues the use of electric carts in the store created a foreseeable, dangerous condition under which an accident, such as her accident, was likely to occur, and that Wal–Mart failed to take reasonable safety precautions to prevent Carlile's accident. In *Canfield v. Albertson's, Inc.*, 841 P.2d 1224 (Utah Ct.App.1992), this court held that the second class of liability applies "where the store owner chooses a method of operation where it is reasonably foreseeable that the expectable acts of third parties will create a

dangerous condition." *Id.* at 1226. In *Long v. Smith Food King Store,* 531 P.2d 360 (Utah 1973), the Utah Supreme Court held that the safety precautions required in such a situation would be limited to those reasonable in light of the foreseeable danger. *See id.* at 362.

¶ 16 The use of an electric cart in a store may present a foreseeable danger of an accident, absent proper safety precautions. Contrary to Wal–Mart's assertion, the Utah Supreme Court did not conclude, as a matter of law, that the sale of ice cream was not inherently dangerous in *Schnuphase.* Rather, the court held that "under the facts of this case, plaintiff failed to present sufficient evidence on a claim of negligent mode of operation and that reasonable minds could not differ on the question of whether Storehouse Markets took reasonable precautions to protect its customers." 918 P.2d at 479. Carlile's case is distinguishable from *Schnuphase* because discovery was never conducted on whether the use of electrical carts presented a foreseeable danger and whether Wal–Mart took reasonable safety precautions. Should discovery show that the use of electrical carts presented a foreseeable danger and that Wal–Mart failed to take reasonable safety precautions to prevent injuries,[1] Carlile could recover under this theory. We therefore reverse the district court's conclusion that Carlile cannot recover as a matter of law on this theory and remand for further discovery.

¶ 17 Carlile also argues that the electric cart that struck her was defective and therefore unsafe. Because it is foreseeable that malfunctioning cart could present a dangerous condition, Carlile could recover under such a theory if discovery showed her accident resulted from a malfunction and that Wal–Mart failed to take adequate safety precautions to prevent such a malfunction from occurring. Thus, we reverse and remand for further discovery on this issue as well.

## II. Motion to Amend and for Further Discovery

¶ 18 Carlile argues the district court exceeded its discretion in denying her motion to amend. Because the district court misunderstood Wal–Mart's potential liability under Utah premises liability law and discovery has not yet been undertaken, we conclude it is appropriate to allow Carlile to amend her complaint on remand.

¶ 19 Carlile also argues she should have been allowed to conduct discovery. Because the district court misapprehended the scope of Wal–Mart's potential liability, we conclude that it exceeded its discretion in denying further discovery. Therefore, on remand Carlile should be allowed to conduct discovery on the remanded issues.

## CONCLUSION

¶ 20 Accordingly, we reverse the district court's ruling that Carlile could not recover as a matter of law under Utah premises liability law. We also reverse the district court's denial of Carlile's motion to amend and to conduct further discovery.

¶ 21 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JAMES Z. DAVIS, Judge.

---

1. In *Sandow–Pajewski v. Busch Entm't Corp.,* 55 F.Supp.2d 422 (E.D.Va.1999), the plaintiff was hit by a motorized wheelchair while walking through an amusement park. She claimed the wheelchair had been rented out by Busch Gardens and the driver left the scene without being identified. *See id.* at 423–24. In granting summary judgment against the plaintiff, the court held that Busch Gardens had taken adequate safety precautions when it had no cause to know that the driver was unfit and had provided adequate instructions on the use of the wheelchair. *See id.* at 429–32.