FILED
United States Court of Appeals
Tenth Circuit

July 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WADE CHRISTENSEN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
FORSGREN ASSOCIATES, INC.; and
JAY DIGS INCORPORATED,

Defendants-Appellees.

No. 07-4133
(D.C. No. 2:05-CV-55-DAK)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **McCONNELL**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

This is a civil case brought by Wade Christensen against the United States,

Forsgren Associates, Inc., and Jay Digs, Inc. Mr. Christensen contends he was

injured by the negligence of the three defendants because they failed to detect and

address the hazards created by a loop of exposed grounding wire on a section of

land on which the United States owns an easement. The district court granted

summary judgment for all three defendants, and Mr. Christensen appeals. We

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH
CIR. R. 32.1.

have jurisdiction pursuant to 28 U.S.C. §§ 1291, and we affirm.

## I

On April 6, 2003, Mr. Christensen was herding cattle when his horse tripped over a nine-foot loop of exposed grounding wire that was attached to a nearby power pole owned and maintained by the United States. Mr. Christensen was thrown to the ground and tore an artery in his neck, allegedly causing him to have a stroke resulting in injury and permanent damage.

The fall occurred on a section of the Grantsville Soil Conservation District on which the United States owns an easement. In the six weeks prior to the accident, Tooele County had been in the process of installing a water pipeline on a thirty-foot wide easement it obtained from the United States near this area. Defendant Forsgren Associates engineered the project, and defendant Jay Digs Inc. installed the pipeline. The easement for the pipeline came within six feet of the power pole that was connected to the wire over which Mr. Christensen's horse tripped. The construction activity may have come closer.

Mr. Christensen brought a negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), claiming that it failed to maintain its easement and power pole in a safe condition. It also contended the United States failed to use reasonable care to discover the loop of exposed grounding wire prior to Mr. Christensen's fall, and to remedy the hazardous situation presented. In addition, Mr. Christensen brought claims against Forsgren

-2-

Associates and Jay Digs for negligently causing the loop of grounding wire to become exposed during the construction of the water pipeline, and/or for failing to inspect for, report, or clean up any hazardous conditions in the construction zone following completion of the project.

All three defendants filed motions for summary judgment. After hearing oral argument, the district court granted these motions and dismissed the case in its entirety. On appeal, Mr. Christensen contends the United States failed to exercise reasonable care to discover the exposed wire, it had constructive notice that the wire had become unearthed, and circumstantial evidence exists that the construction of the water pipeline exposed the wire. He argues there are triable issues of material fact with respect to his claims against all three defendants, thus precluding summary judgment.

## II

The district court's conclusions were four-fold. First, in granting the United States' motion for summary judgment, the court held that, regardless of whether he was an invitee or licensee on the land, Mr. Christensen had "not shown a breach of the duty owed to him." *Christensen v. United States*, No. 2:05CV55DAK, 2007 WL 1467347, at *6 (D. Utah May 18, 2007) (hereinafter D. Ct. Op.). Under Utah law, if the alleged negligence arises out of "unsafe conditions of a temporary nature," a plaintiff must show the defendant had actual or constructive knowledge that the unsafe condition existed, and sufficient time

-3-

after such knowledge to remedy the condition. *Schnuphase v. Storehouse Market*, 918 P.2d 476, 478 (Utah 1996). The district court pointed out that even Mr. Christensen's "expert would not fault the United States for relying" on the project engineer and the excavating crew to monitor the job site and report any problems. D. Ct. Op. at *4. The court observed there was "no evidence that the United States had actual or constructive knowledge of an exposed grounding wire with time to remedy the condition before Christensen's accident," concluding that "[a] private person would not be liable on these facts under Utah law." *Id.* at *5. *See Goebel v. Salt Lake City Southern R.R. Co.*, 104 P.3d 1185, 1193-94 (Utah 2004).

Second, the court declined to hold that the United States had a heightened duty of care. The court explained that because the wire Mr. Christensen's horse tripped over was not "live," "[t]he circumstances of this case do not involve a degree of danger that would justify a heightened standard of care." D. Ct. Op. at *6. The court noted that other courts have "declined to hold electrical utilities to a heightened duty of care where the danger does not involve live wires," and that "conventional negligence concepts" have been applied when the danger from such wires is minimal. *Id.* (citing *McFarland v. Entergy Mississippi*, 919 So.2d 894, 899 (Miss. 2005); *Keegan v. Grant County Pub. Util. Dist.*, 661 P.2d 146, 149 (Wash. Ct. App. 1983)).

Third, in granting Jay Digs Inc.'s motion for summary judgment, the district court held that absent temporal proximity, Mr Christensen had "no

evidence that the water pipe installation disturbed the grounding wire or rod." D. Ct. Op. at *7.[1]  Indeed, the court determined that Mr. Christensen could not prove the two main theories of his case against Jay Digs which were:

> (1) the grounding rod was located within the area where the trench for the water line was to be dug and so was moved by Jay Digs; and (2) that during installation of the water pipe, a track on the heavy equipment reached down and snagged the wire and pulled it and the rod to the surface.

*Id.* at *7. The court noted there was "no evidence that the grounding rod and wire were ever within the easement where Jay Digs was working," and that Mr. Christensen's "own expert witnesses . . . have been unable to reach a conclusion supported by actual evidence of how the grounding rod could have been disturbed during the excavation."  *Id.*  Further, the court observed:

> Perhaps the most telling fact is that after Christensen fell, *no one could find any evidence that the area around the pole had been disturbed during construction*.  No tire or crawler tracts [*sic*] were located.  No soil appeared to have been recently dug up.  And, there was no evidence that the rod or wire had been recently disturbed or re-buried.  There is *no evidence from any source that the wire was tangled, dented, bent, or otherwise deformed so as to suggest that it had been torn from the ground in a construction accident*.

*Id.* at *8 (emphasis added).  The court concluded Jay Digs was entitled to summary judgment because of the lack of evidence regarding causation.

Fourth, in granting Forsgren's motion for summary judgment, the court

---

[1]The court noted that temporal proximity does not provide proof of causation, citing *Sunward Corp. v. Dun & Bradstreet*, 811 F.2d 511, 521 (10th Cir. 1987).

concluded there were "no documents, photographs, or other types of evidence offered to establish that Forsgren caused Christensen's injuries." *Id.* at *9. Significantly, it emphasized that "[m]any people have had access to the land since the power poles were installed and there is no evidence to narrow down the potential cause of the exposed grounding wire." *Id.* Finally, the court observed that "[w]hile it is generally true that a jury is allowed to infer causation and negligence from the underlying operative facts, a jury is not allowed to infer the underlying operative facts." *Id.*

## III

Having read the record, the parties' briefs, and the relevant case law, we cannot fault the district court's analysis. With no evidence as to when the loop of wire was exposed, there is no supportable inference that any of the defendants was responsible. We affirm substantially for the reasons given by the district court in its well stated opinion.

**AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-