■ IDA DELAURENTIS et al., Appellants, v MARX REALTY & IMPROVEMENT et al., Respondents. (Action No. 1.) IDA DELAURENTIS et al., Appellants, v BROOK SHOPPING CENTERS, INC., Respondent. (Action No. 2.) [752 NYS2d 349] —In two related actions to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered January 23, 2002, as granted the motion of the defendants Marx Realty & Improvement and Brook Shopping Centers, Inc., and the separate motion of the defendant Lilac New York Corp., also known as KRT Property Holdings, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaints.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Ida DeLaurentis allegedly sustained injuries on July 29, 1998, at about 1:30 P.M., when she fell while descending a hill on an unpaved, dirt pathway. The plaintiff elected to use the dirt pathway despite the fact that a paved stairway was available nearby. At her deposition, the plaintiff testified that she was caused to fall by a little rock "like a pebble," that was under her sneaker, as she stepped down.

"It is well established that landowners who hold their property open to the public have a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries * * *. Encompassed within this duty is the duty to warn of potential dangerous conditions existing thereon, whether they are natural or artificial" (*Meyer v Tyner,* 273 AD2d 364, citing *Basso v Miller,* 40 NY2d 233). The duty extends only to those conditions not readily observable, and there is no duty to warn of conditions that are in plain view and easily discoverable by those employing the reasonable use of their senses (*see Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664; *Binensztok v Marshall Stores,* 228 AD2d 534; *Cimino v Town of Hempstead,* 110 AD2d 805, *affd* 66 NY2d 709).

Here, as in *Moriello v Stormville Airport Antique Show & Flea Mkt. (supra),* the small rock or pebble over which the plaintiff fell was inherent to the nature of the dirt pathway, and the condition of the pathway was known to the plaintiff and could be readily observed by the use of the senses. The

presence of pebbles on the path could be reasonably anticipated by persons using the path and did not constitute an unreasonably dangerous condition (*see Moriello v Stormville Airport Antique Show & Flea Mkt., supra; Nardi v Crowley Mar. Assoc.,* 292 AD2d 577, 578). There being no issues of fact, the Supreme Court properly granted summary judgment to the defendants.

The plaintiffs' remaining contention is without merit. Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.