2011 UT App 204

**Carla LYMAN, Plaintiff and Appellant,**

v.

**Marc SOLOMON, as personal representative of the Estate of Ruthellen Pollan, deceased, Defendants and Appellees.**

No. 20091062–CA.

Court of Appeals of Utah.

June 30, 2011.

Kenneth D. Lougee, Salt Lake City, for Appellant.

Jaryl L. Rencher and Brandon G. Myers, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and THORNE.

## MEMORANDUM DECISION

THORNE, Judge:

¶1 Carla Lyman sued the Estate of Ruthellen Pollan (the Estate) for negligence after Lyman was injured while walking up Pollan's driveway. The district court entered summary judgment dismissing Lyman's claim. We affirm.

¶2 Lyman worked as a residential care provider for Pollan and often parked on an unpaved road in front of Pollan's home, then walked up Pollan's unpaved driveway to access the residence. Lyman's deposition testimony described the driveway surface generally as "roadbase [and] gravel mixed together," "just a dirt road," and having rocks or cobblestones as part of the underlying roadbase. Lyman also suggested that the edges of the road and driveway were landscaped with large river rocks. On May 21, 2004, Lyman was walking up the driveway around 9:00 or 10:00 p.m. when she slipped and fell due to an indentation in the road surface and suffered serious injuries to both feet.[1] Pollan's front yard lamp, which was usually lit, was not lit on the night of Lyman's fall. Lyman brought suit on a premises liability theory, arguing that Pollan had breached her duty of care by failing to adequately maintain the driveway and ensure that it was adequately lit. The district court granted summary judgment to the Estate, and Lyman appeals.

¶3 "The grant of summary judgment is a question of law, and we review the trial court's determination of legal issues for correctness, affording no deference to the trial court." *Johnson v. Gold's Gym*, 2009 UT App 76, ¶9, 206 P.3d 302, *cert. denied*, 215 P.3d 161. Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "Most cases involving claims of negligence are not susceptible to summary disposition," *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 477 (Utah 1996), but the initial question of the existence of a legal duty in tort cases is a question of law for the court to determine. *See Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶14, 143 P.3d 283.

¶4 A possessor of land may be subject to liability for injuries to invitees caused by a condition on the land if, but only if, she

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."

*Hale v. Beckstead*, 2005 UT 24, ¶8, 116 P.3d 263 (emphasis omitted) (quoting Restatement (Second) of Torts § 343 (1965)). " 'A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.' " *Id.* ¶9 (quoting Restatement (Second) of Torts § 343A(1)). This "open and obvious danger rule," *id.* ¶7, "is a duty-defining rule that simply states that, under appropriate circumstances, a landowner's duty of care might not include warning or otherwise protecting visitors from obvious dangers," *id.* ¶23.

¶5 We agree with the district court that summary judgment was appropriate here because Pollan was under no duty to protect Lyman from the open and obvious danger presented by the unlit driveway. The driveway's uneven surface condition was familiar to Lyman, as she had encountered it many times over the course of her employment, and the indentation alleged is typical of unpaved roads. *Cf. DeLaurentis v. Marx*

---

1. Lyman variously described the indentation in the driveway as "not like a deep hole," "just like where cobblestone or something had come out of the gravel," "an indention," and "just enough that it caught my [foot]."

*Realty & Improvement,* 300 A.D.2d 343, 752 N.Y.S.2d 349, 350 (N.Y.App.Div.2002) ("[T]he small rock or pebble over which the plaintiff fell was inherent to the nature of the dirt pathway, and the condition of the pathway was known to the plaintiff and could be readily observed by the use of the senses."). Moreover, to the extent that the unlit yard light contributed to Lyman's fall, darkness is a patent condition that ordinarily observant people would ascertain. A reasonable person in Lyman's position would have been aware of the uneven surface and lighting conditions that would be encountered by walking up the unlit driveway.

¶ 6 Although Pollan could have expected that Lyman would choose to traverse the driveway despite the potential danger, *see generally Hale,* 2005 UT 24, ¶ 36, 116 P.3d 263 (explaining that an employee cannot be expected to forego employment in order to avoid a hazard), there is no evidence here to suggest that Pollan should have expected that Lyman would not do so safely. For example, there is no suggestion that Pollan had directed Lyman to hurry to the residence on the night of the fall, or that Pollen was aware of any physical condition on Lyman's part that might make her incapable of safely negotiating the driveway. In the absence of such factors, Pollan could reasonably expect that Lyman would "protect [herself] against" the possible danger by proceeding with a reasonable degree of caution and attentiveness. *See id.* ¶ 8. Under these circumstances, Pollan had no duty to warn Lyman of the driveway's obvious condition or take any specific steps to protect her.

¶ 7 We determine that Pollan had no duty to protect Lyman against the open and obvious hazard presented in this case. Accordingly, we affirm the district court's entry of summary judgment in favor of the Estate.

¶ 8 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and GREGORY K. ORME, Judge.